UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                     CASE No. 2:18-cr-38

v.

                                     HON. ROBERT J. JONKER

KEITH LEE RAYMOND,

       Defendant.

_____/

## OPINION AND ORDER

### INTRODUCTION

On December 11, 2023, Defendant filed a motion for a reduced sentence under Guideline Amendment 821 and the decision of the United States Sentencing Commission to give retroactive effect to the amendment.  (ECF No. 48).  He further seeks the appointment of counsel to assist him in pursuing a sentence reduction.  A Sentence Modification Report is on file.  (ECF No. 53).  The time set for Defendant's response has expired with no submission having been filed.  The Court determines that further briefing is not necessary for the Court to reach a decision and furthermore that the appointment of counsel is not necessary or appropriate in this case.  Defendant is eligible for a reduction however, for the reasons that follow, the Court exercises its discretion not to reduce Defendant's sentence.

### BACKGROUND

Defendant Raymond pleaded guilty to being a felon in possession of a firearm and ammunition, and to distribution of methamphetamine.  (ECF No. 27).  The Final Presentence Report determined Defendant scored five criminal history points based on his convictions.  (PSR

¶ 80).  Two additional "status points" were added under U.S.S.G. § 4A1.1(d) (2018).  (PSR ¶ 81)

This resulted in a criminal history score of seven, corresponding to Criminal History Category IV.

Together with his total offense level of 25, the guideline imprisonment range at sentencing was 84

to 105 months imprisonment.  On February 26, 2021, the Court imposed a within guideline's

sentence of 90 months imprisonment.  Judgment entered on May 25, 2019.  (ECF No. 39).

According to the Bureau of Prisons website, Defendant's estimated release date is October 14,

2025.

On December 11, 2023, Defendant filed a motion for a reduced sentence under 18 U.S.C.

§ 3582(c)(2) and Guideline Amendment 821.  (ECF No. 48).  A modification report from the

probation officer is on file.  (ECF No. 53).   The time within which for Defendant to file a brief

has elapsed with no submission on file.

## LEGAL STANDARDS AND DISCUSSION

Once a district court imposes a sentence, the court generally may not modify that sentence

except in limited circumstances.  *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021).  One

such exception, § 3582(c)(2), permits a district court to modify a sentence when the Sentencing

Commission makes guidelines modifications that lower the sentence guidelines range for that

defendant.   The Court "may reduce the term of imprisonment, after considering the factors set

forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission."  *Id.*

Accordingly, district courts are required to conduct a two-step review.  *See United States

v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826-

27 (2010)).  The first step is eligibility.  "[A] defendant is eligible for a reduction in sentence if:

(1) the defendant 'has been sentenced to a term of imprisonment based on a sentencing range that

has subsequently been lowered by the Sentencing Commission'; and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Cook*, 870 F.3d 464, 467 (6th Cir. 2017).  Second, the Court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce Defendant's sentence.

At the first step, Defendant is eligible for a reduced sentence under Guideline Amendment 821, which was made retroactive by the Sentencing Commission.   Part A of the amendment decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points.  "Status points" are those points that were applied under the United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status.   Defendant scored a total of seven criminal history points, corresponding to CHC IV.  Two of those points, however, were status points.  Accounting for Amendment 821, Defendant would score five points, corresponding to CHC III rather than Category IV that originally applied to him.

But at the second step, and after considering the full panoply of the Section 3553 sentencing factors, the Court elects not to exercise its discretion to reduce Defendant's sentence.  First, the sentence actually imposed, while slightly above the reduced guidelines range that would now apply to him (70 to 87 months based on LO 25 CHC III), is not so high above so as to constitute a gross disparity.   The factors at Defendant's original sentencing, furthermore, including a record of serious failures while under court supervision, all augur against a reduction.  Indeed, while in BOP custody for this offense, Defendant has accrued eleven significant disciplinary violations, including possession of dangerous weapons, fighting, and other disruptive conduct.  The Court acknowledges that Defendant has taken some educational classes while in custody and obtained

his GED.  But unfortunately on balance the BOP record for defendant counsels against a reduction and convinces the Court that the public safety risk remains high.  The Court determines in its discretion, therefore, not to reduce Defendant's sentence.

   **ACCORDINGLY, IT IS ORDERED** that Defendant's motion for modification or reduction of sentence under Guideline Amendment 821 (ECF No. 48) is **DENIED.**


Dated:  <u>August 30, 2024</u>   <u>/s/ Robert J. Jonker</u>
         ROBERT J. JONKER
         UNITED STATES DISTRICT JUDGE